The Wolf River Lumber Co. vs. The Pelican Boom Co. and another.

THE WOLF RIVER LUMBER COMPANY, Respondent, vs. THE
PELICAN BOOM COMPANY and another, Appellants.

*October 28 — November 15, 1892.*

*Equity: Injunction: Remedy at law.*

Where two persons claim logs in the possession of a boom company,
a mandatory injunction will not be granted to compel the company
to deliver the logs to one claimant, where the other claimant and
the company are solvent, there being a clear and adequate remedy
at law.

APPEAL from the Circuit Court for *Oneida* County.

Appeal from an order refusing to dissolve a preliminary
injunctional order, and continuing the same in force.

The defendant *Pelican Boom Company* is a corporation
maintaining under authority of law a system of booms and
piers across the Wisconsin river near Rhinelander, for the
purpose of handling and assorting logs which are floated
down said river. During the winter of 1891 and 1892 one
Kathan cut timber from a tract of land situated on a tribu-
tary of the Wisconsin above the booming works, placed a
mark upon the logs, banked them, and sold them to plaintiff.
Kathan claimed to own the tract of land from which the
logs were cut by virtue of certain tax deeds. The defend-
ant *Brown* also claimed to own said land by virtue of origi-
nal entry thereof, and by virtue also of a tax deed subse-
quent to the tax deeds held by Kathan. *Brown* placed his
own mark upon the logs. The logs were floated down to the
boom company's works, where *Brown* ordered the company
to deliver the logs to him, and the plaintiff ordered the
logs turned down the river, in order that they might be
manufactured into lumber at plaintiff's saw mill at Merrill.
The boom company declined to decide the question of title,
and, being indemnified by *Brown*, detained the logs, where-
upon the plaintiff commenced this action in equity, alleging

that it had no adequate remedy at law, and procured an injunctional order restraining defendants from stopping the logs, and commanding the boom company to pass said logs down the river. The defendant *Brown*, by his answer, claimed to own the logs, alleging facts tending to show that Kathan's tax deeds were void, and claimed that plaintiff had an adequate remedy at law. The boom company, by answer, disclaimed any interest in the logs, and denied the allegation that plaintiff had no adequate remedy at law. All parties to the action are solvent. The defendants, after pleading, moved to dissolve the injunctional order, which motion was denied, and the injunction continued. From this order the appeal is taken.

For the appellants there were briefs by *Alban & Barnes*, and oral argument by *John Barnes*.

For the respondent there was a brief by *Henry C. Hetzel*, attorney, and *Neal Brown*, of counsel, and oral argument by *Mr. Brown*.

WINSLOW, J. We deem it unnecessary to decide the question of the title to the land from which the logs were cut, although that question was elaborately argued. The plaintiff claims to own a lot of logs, which, at the commencement of the action, were in possession of the defendant boom company. The defendant *Brown* also claims to own these same logs. The defendant boom company refused to deliver the logs to the plaintiff. The action is brought to compel delivery of the logs to plaintiff by the aid of a mandatory injunction in equity. It seems plain that plaintiff has a clear and adequate remedy by action of replevin or trover, if it can substantiate its title to the logs. This objection was affirmatively and specifically raised by the answer of the defendant *Brown*, and substantially by the answer of the boom company. Both defendants are shown to be solvent. No injury is shown which money

damages will not make good.  Upon familiar principles, a court of chancery will not use the extraordinary remedy of injunction in such a case.

*By the Court.*— Order reversed, and cause remanded for further proceedings according to law.