ROBERTS, Respondent, vs. MOODY and another, Appellants.

*May 17 — June 21, 1900.*

*Fraud: Equity: Trust funds: Remedy at law: Judgments:* Res adjudicata.

1. Defendants having received $2,500 and R. $1,200 as the result of a conspiracy whereby C. was induced to sell his farm for less than its value, a suit was brought to rescind such sale and recover back the property. In such suit the court found the fraud and conspiracy, but, because the land was held by an innocent purchaser, refused the equitable relief of rescission, and rendered judgment against defendants and R. jointly as upon a cause of action in tort for money obtained by fraud. Defendants invested their $2,500 in the purchase of a homestead. The judgment creditors, having collected $1,200 from R., released the judgment as to him — reserving, except as to such sum, all their rights thereon against the other judgment debtors,— and assigned the judgment to plaintiff, a brother of R., under circumstances indicating that the transfer was for R.'s benefit. *Held* that, each judgment debtor being liable for the whole judgment without right to compel contribution, plaintiff could not follow the money received by defendants and impose a constructive trust upon the homestead purchased therewith, until he had exhausted his remedy by execution or shown futility of any effort to do so.

2. In an action to rescind a sale on the ground of fraud, the court found the fraud, but refused the equitable relief of rescission because the property had been conveyed to an innocent purchaser, and adjudged a mere personal money judgment as upon a cause of action in tort for money obtained by fraud. Afterwards an assignee of such judgment brought the present action against defendants to charge their homestead, purchased with the fruits of the fraud, with a trust in his favor to an amount sufficient to satisfy the judgment. *Held,* that the same cause of action was presented as was presented in the former suit in equity, where the court decided just what the remedy should be and impliedly adjudicated against all other remedies, and that therefore the present action could not be maintained, it being *res adjudicata* that the plaintiff was not entitled to the relief demanded.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

In 1892 one Ira S. B. Cole was fraudulently induced by

the two defendants, *Betsey C. Moody*, his daughter, and *Cassius M. Moody*, her husband, in conspiracy with R. W. Roberts, to sell his farm, of the value of $4,800, for $3,000 received by him, and $1,200 received by Roberts. From the $3,000 he paid $2,000 to his daughter, the defendant *Betsey*, and $500 to the defendant *Cassius M.*, in consideration of their agreement to support him. After the death of Ira S. B. Cole, suit in equity was brought by three of his heirs at law, seeking to rescind such sale and recover back the property. In that case (reported in 96 Wis. 559) the court found the fraud and conspiracy, but held that the purchaser, Getzinger, was an innocent party, and therefore ordered judgment for damages in favor of the three plaintiff heirs of Ira S. B. Cole, to wit, Ira B. Cole, Sabra J. Keyser, and Charlotte Lossee, for each one fifth of the value of the land, to wit, the sum of about $2,800 damages and $700 costs. Thereafter the judgment plaintiffs collected from R. W. Roberts $1,200, and released the judgment as to him,— reserving, except for said $1,200, all their rights thereon against all the other defendants,— and shortly afterwards assigned the judgment to the plaintiff, *A. C. Roberts*, a brother of said R. W., and under circumstances tending to indicate that such transfer was in fact for the benefit of R. W. Roberts. Meanwhile defendants had invested their $2,500 in the purchase of a homestead, for which they paid $4,000. The present action is brought by *A. C. Roberts*, as assignee of said judgment, to charge said homestead with a trust in his favor to an amount sufficient to satisfy the balance of his judgment, to wit, about $2,300. It appeared that the defendants were insolvent, except for said homestead, but that R. W. Roberts is a man of considerable means. The judgment grants the prayer of the complaint, declares the title of the defendants to their homestead to be held in trust to the extent of the $2,300 aforesaid, and charges the same upon it as a lien. Defendants appeal.

For the appellants there was a brief by *Bouck & Hilton*,

and oral argument by *Gabe Bouck.* They contended, *inter alia,* that where a party has one or more remedies for the same wrong, electing one and pursuing it to judgment is a bar to any other remedy. 2 Herman, Estoppel, §§ 1022, 1039, 1040, 1051; *Barker v. Barker,* 14 Wis. 142; *Warren v. Landry,* 74 Wis. 151; *Cook v. First Nat. Bank,* 83 Wis. 31; *Hildebrand v. Tarbell,* 97 Wis. 446; *Carroll v. Fethers,* 102 Wis. 436; *Smith v. Milwaukee,* 18 Wis. 69; *Kaehler v. Dobberpuhl,* 60 Wis. 261; *Terry v. Munger,* 121 N. Y. 161; *Fowler v. Bowery S. Bank,* 113 N. Y. 450; *Conrow v. Little,* 115 N. Y. 387; *Crossman v. Universal Rubber Co.* 127 N. Y. 34; *Morris v. Rexford,* 18 N. Y. 552; *Sanger v. Wood,* 3 Johns. Ch. 416; *Terry v. Buek,* 40 App. Div. 419; *Dennett v. Codman,* 168 Mass. 428; *Bedier v. Fuller,* 106 Mich. 347; *Shoe v. Ziegler,* 159 Pa. St. 461; *Cranson v. Smith,* 47 Mich. 647; *Finn v. Peck,* 47 Mich. 208; *Neild v. Burton,* 49 Mich. 58; *Farewell v. Myers,* 64 Mich. 234; *Equitable L. A. Soc. v. May,* 82 Ga. 646; *Murray v. Lylburn,* 2 Johns. Ch. 441; *Riehl v. Evansville F. Asso.* 104 Ind. 70; 1 Beach, Trusts, §§ 158, 231; *Oliver v. Piatt,* 3 How. 332.

For the respondent there was a brief by *Goodrick & Goodrick,* and oral argument by *E. J. Goodrick.* They contended, *inter alia,* that the money in the hands of the defendants was impressed with a trust so long as it could be traced as a distinct fund, and might be followed into the property purchased by defendants, and such property be charged with such trust to the extent of the trust moneys used in its purchase. 2 Pomeroy, Eq. Jur. §§ 1047, 1053, 1058; Perry, Trusts, §§ 128, 166, 835–837, 842; Beach, Mod. Jur. Eq. § 229; 10 Am. & Eng. Ency. of Law, 36, 39, 47; *Third Nat. Bank v. Stillwater G. Co.* 36 Minn. 75; *Newton v. Porter,* 69 N. Y. 133; *Bank of Commerce v. Fowler,* 93 Wis. 241; *Walker v. Daly,* 80 Wis. 222; *Farmers' & Traders' Bank v. Kimball M. Co.* 1 S. Dak. 388; *Ferguson v. Hillman,* 55 Wis. 181; *Pierce v. Holzer,* 65 Mich. 263; *Wat-*

Roberts vs. Moody and another.

*son v. Thompson*, 12 R. I. 466; *Cecil Bank v. Snively*, 23 Md. 253; *U. S. v. State Bank*, 96 U. S. 30; *Nat. Mahaiwe Bank v. Barry*, 125 Mass. 20; *Blenkinsopp v. Blenkinsopp*, 12 Beavan, 568, 586; *Lee v. Stone*, 5 Gill & J. 1; *Baker v. Bartol*, 6 Cal. 483; *Beach v. Bestor*, 45 Ill. 341. There had been no election of one of several inconsistent remedies, and the respondent was not seeking another or an inconsistent remedy. *Baker v. Baker*, 57 Wis. 382; *Standard Oil Co. v. Hawkins*, 74 Fed. Rep. 395, 20 C. C. A. 468; *Terry v. Munger*, 121 N. Y. 161; *Crossman v. Universal Rubber Co.* 127 N. Y. 34; *McLeod v. Evans*, 66 Wis. 401; *Francis v. Evans*, 69 Wis. 115; *Ferguson v. Hillman*, 55 Wis. 181.

DODGE, J. It is nowhere alleged that R. W. Roberts, one of the judgment debtors, is not entirely solvent, and the holder of abundant property out of which the judgment purchased by the plaintiff can be satisfied, while there is evidence given by the plaintiff to the effect that he is a man of considerable property. The answer objects to the maintenance of this action for the reason that the plaintiff has an adequate and complete remedy at law. It is difficult to see how that objection can be escaped. The judgment rendered against R. W. Roberts and the defendants jointly was upon a cause of action in tort for money obtained by fraud. Each is liable for the whole, and with no right of contribution, the one against the others. Until plaintiff shall have exhausted his clear legal and statutory remedy by execution, or shown futility of any effort so to do, he is not entitled to invoke the extraordinary aid of a court of equity to pursue the money received by these defendants, and impose a constructive trust upon their homestead purchased therewith. *Wolf River L. Co. v. Pelican B. Co.* 83 Wis. 426.

The fact, if it be a fact, that the plaintiff here, or the judgment plaintiffs from whom he purchased, have effectively released R. W. Roberts, cannot change the situation. One

cannot entitle himself to invoke the aid of a court of equity by voluntarily casting away his remedy at law, otherwise adequate and complete.

A further consideration is equally fatal to the maintenance of this action. The same cause of action is here presented as was presented in a court of equity in a former suit, where the court decided just what the remedy should be. It is an attempt to relitigate and obtain another and different judgment upon the same cause of action. By the decision in 96 Wis. the subject is wholly *res adjudicata.* The court there, with the facts all before it, decided and adjudged what remedy the plaintiffs were entitled to,—whether it should be that of a mere personal judgment, or whether it should be a rescission of the sale of the real estate, or, as might have been accorded under the issues in that case, whether there should be a charging of the funds in the hands of the defendants with a trust in favor of the plaintiffs in that action. From these several remedies the court has decided which is the proper one, thereby impliedly adjudicating against the others. The plaintiffs' only redress was a motion for a rehearing, which they did not see fit to make. Thereby they availed themselves of the one remedy, and cannot now maintain a new action for another and different one, to which the court has already adjudged them not entitled.

These views fully dispose adversely of the plaintiff's cause of action, and render unnecessary the consideration of other detail errors assigned against the judgment.

*By the Court.*— Judgment reversed, and cause remanded with directions to dismiss the complaint.