JOSEPH HAGAN v. PROVIDENCE AND WORCESTER R. R. CO.

In an action of trespass on the case against a Railroad Company for injury resulting from the tortious act of their servants, punitive or vindictive damages cannot be recovered, unless it be shown that the Company expressly or impliedly participated in the tortious act, authorizing it before, or approving it after, it was committed.

THIS was an action of trespass on the case, commenced in the Court of Common Pleas, wherein judgment was submitted and an appeal entered in this Court. The declaration set forth that the defendants, being common carriers of goods and passengers, contracted with the plaintiff to transport him to a given place, but that, in violation of their contract, " by the hasty, imprudent and improper conduct of the company by their servants and agents," the plaintiff was wrongfully expelled from the defendant's cars before reaching his place of destination, and was greatly injured in person, and disabled from proceeding on his journey, and suffered great mortification of mind. At the trial before the jury in this Court, it appeared that the plaintiff, after surrendering his ticket to the conductor in the first class car, saw fit to leave that car, and enter a car of the second class, where he was found by the officer whose duty it was to collect the tickets from the second class passengers. This offi-

cer, not crediting the statement of the plaintiff that he had shortly before surrendered his ticket in a first class car, an altercation arose, which resulted in the ejecting of the plaintiff from the cars at the first stopping place, —the plaintiff resisting, and the servants of the company employing the force needed to overcome his resistance. The jury found a verdict for the plaintiff, but to the charge of the Judge in regard to the rule of damages, he filed exceptions, in terms as recited in the opinion of the Court.

*Blake* and *Thurston* for the plaintiff. The acts of the defendants' agents, being within the scope of their employment, the principal is amenable to the same rule of damages as the agents themselves would be. *Day* v. *Woodworth et al.* (13 Howard, 371. Smith's Mast. and Ser. 133. Angell on Carriers, sec. 540–1. In an action to vindicate a right, vindictive damages are recoverable. *Whipple* v. *Cumberland M. Co.* (2 Story, 665.) Public policy requires that Railroad Companies be held liable for exemplary damages, as they act only by agents, and these agents are rarely of pecuniary responsibility. The company is liable in matters of contract for the servant's act: Why not in matters of tort? 13 Howard, 109. It is held that in cases like this, exemplary damages should be awarded. *M'Kinney* v. *Neil*, (1 M'Lean, 541.) *Collins* v. *Alb. and Sch. R. R. Co.*, (12 Barb. S. C. 492.) *Peck et ux.* v. *Neil*, (3 M'Lean, 23.)

*Payne* for defendants, cited *Day* v. *Woodworth et al.* (13 Howard, 371.)

BRAYTON, J. The plaintiff in this cases move that the verdict rendered by the jury be set aside and a new

trial granted—because the Judge at the trial instructed
the jury "that if the acts of the agent of the defend-
ants, complained of by the plaintiff in his declaration,
were done and committed by said agent in the line of
his duty, and within the scope of his authority and course
of employment, still the defendants might not be liable
to the same extent as the agent would be personally
liable."

The exceptions to the charge of the Court are not
very clearly stated in the plaintiff's motion, nor is it
made to appear in the exceptions filed, as it always
should be, what was the distinct charge given by the
Court to the jury, to which exception is made. We
understand, however, that the evidence in the case was
not such as to show any participation of the principal in the
wrongful act of the agent; and that the jury were instructed
that punitive or vindictive damages, or smart money, were
not to be allowed as against the principal, unless the
principal participated in the wrongful act of the agent,
expressly or impliedly, by his conduct, authorizing it or
approving it, either before or after it was committed.
And that they were instructed that all damages for actual
injury—loss of time, pain of body—money paid for em-
ployment of physician, or injury to the feelings of the
defendant, might be allowed.

We think the charge was right. Whatever may be
the rule of damages in cases of a direct prosecution
against the wrong doer, we think there can be no doubt
of the soundness of the ruling of the judge at the trial,
as applicable to a case like the one in question, where a
principal is sought to be made liable for the act of his
servant or agent.

Joseph Hagan *v.* Providence and Worcester Railroad Co.

In cases where punitive or exemplary damages have been assessed, it has been done, upon evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounted to criminality, which for the good of society and warning to the individual, ought to be punished. If in such cases, or in any case of a civil nature, it is the policy of the law to visit upon the offender such exemplary damages, as will operate as punishment and teach the lesson of caution to prevent a repetition of criminality: yet we do not see how such damages can be allowed, where the principal is prosecuted for the tortious act of his servant, unless there is proof in the cause to implicate the principal and make him *particeps criminis* of his agent's act. No man should be punished for that of which he is not guilty.

Cases may arise in which the principal is deeply involved in the servant's guilt or fault—cases in which the conduct of the principal, in reference to the act of his agent, is such as to amount to a ratification. In all such cases the principal is *particeps criminis,* if not the principal offender; and whatever damages might properly be visited upon him who commits the act, might be very properly inflicted upon one, who thus criminally participates in it.

But where the proof does not implicate the principal, and however wicked the servant may have been, the principal neither expressly nor impliedly authorizes or ratifies the act, and the criminality of it, is as much against him, as against any other member of society, we think it is quite enough, that he shall be liable in compensatory damages, for the injury sustained in consequence of the wrongful act of a person acting as his servant.

*Motion for new trial refused.*