C. F. HERRESHOFF *et al. vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

In trespass for mesne profits, two leases offered in evidence by the plaintiff to show the rental value of the premises, and the time when he obtained possession, were excluded by the presiding justice. The plaintiff petitioned for a new trial. The record of the ejectment suit had been put in. The lessee of one of the leases had testified as to his rent, and the petition did not set out the rent reserved in the other lease.

*Held,* that the petition did not show that the plaintiff was injured by the exclusion of the deeds, and should not be granted.

In trespass for mesne profits the plaintiff cannot recover counsel fees and expenses paid out in the ejectment suit.

In trespass for mesne profits punitive damages are allowed only when the defendant has shown malice or bad faith.

In trespass for mesne profits the causes of action accrue when the trespasses are committed, and a recovery can only be had for such time as lies within the limits of the statute of limitations.

PLAINTIFF'S petition for a new trial.

*July* 9, 1885. DURFEE, C. J. This is trespass for the mesne profits of land recovered in ejectment from the city of Providence. The case was tried in this court at the October Term, 1884, the trial resulting in a verdict for the plaintiffs for $675.00. The plaintiffs petition for a new trial for errors in rulings, and on the

ground that the verdict was against the evidence and the weight thereof.

*First.* The first error alleged is the exclusion of two leases of the premises, the mesne profits of which were sued for, dated February 1, 1883, and given by the plaintiffs to former tenants of the city of Providence. The leases were offered to prove the rental value of the premises, and the date at which the plaintiffs obtained possession. The lessee in one of the leases, however, had already testified to the rent which he paid, before the lease was offered in evidence, and the petition does not show what rent was reserved in the other lease. The petition, therefore, does not show that the plaintiffs have been injured in this respect by the exclusion. It does not appear that the date of the lease shows the time when the plaintiffs obtained possession, for possession may have been obtained some time before the lease was given. The petition shows that the record in the ejectment suit wherein the plaintiff recovered the premises was put in, and also the accounts of the city, showing the amounts and dates of all sums paid to the city by said lessees while they paid rent for the lots they occupied. One of the lessees, called as a witness by the plaintiffs, testified that he paid the city $50.00 a year until the plaintiffs got possession of the premises. The time was, therefore, fixed independently of the lease. We do not think a new trial should be granted on this first ground.

*Second.* The second error alleged is the exclusion of the testimony offered to prove the expenses incurred for counsel fees, and for services of engineer in examining records and making plat, etc., in the ejectment suit. The English rule is, that the plaintiff in trespass for mesne profits may recover, as part of his damages, the costs of the ejectment suit as taxed, but not beyond the taxation when they are taxed. *Doe* v. *Hare,* 2 Dowl. P. C. 245 ; *Doe* v. *Davis,* 1 Esp. 358 ; *Doe* v. *Filliter,* 13 M. & W. 47 ; Mayne on Damages, by Wood, *393. In *Alexander* v. *Herr,* 11 Pa. St. 537, Gibson, C. J., said : " Costs of a previous action have doubtless been recovered, but it is by no means certain that counsel fees, and compensation for expense and trouble, have been treated as such. In England the costs of an attorney proper are different things ; and, if more was meant, the relaxation of the rule has gone

to a fearful length.    Clients would pay liberally out of the pockets of their adversaries, and jurors would not weigh their claims for trouble in golden scales. . . . A separate suit could not lie for the trouble and expense of a previous one, and there is no reason why they should be component parts of a cause of action in common with something else." In *Doe* v. *Perkins*, 8 B· Mon. 198, cited by the plaintiffs, the court held that a plaintiff in trespass for mesne profits was entitled to recover, as a part of his damages, his reasonable counsel fees and expenses in the ejectment suit.    The court cite no authority for their decision.    Such an allowance may be just, but it is anomalous, for there is no reason for the recovery of the counsel fees and expenses of the ejectment suit which would not apply as well to any other suit. If the plaintiff is entitled to recover his counsel fees and expenses when he succeeds in the ejectment suit, why should not the defendant have the same measure of justice when he succeeds ? We do not think the court erred in this matter.

*Third.* The third error alleged is the refusal of the court to instruct the jury that they might find exemplary damages.    We do not think there was any error in this.    Courts which allow exemplary or vindictive damages allow them only when the defendant has acted maliciously or in bad faith.    In the case at bar there was no evidence of malice or bad faith on the part of the city. The fact that the city prevented the plaintiffs from taking possession by its police does not show malice or bad faith any more than if it had done so by any other agent or servant.    It was precisely what the city would do if it believed itself the rightful owner. The cases cited by the plaintiff do not show that a plaintiff in trespass for mesne profits is entitled to recover exemplary or vindictive damages as a matter of course, but only that the plaintiff in such a case is entitled to recover more than the profits actually received when his damages exceed such profits.

*Fourth.* The plaintiffs contend that the statute of limitations does not apply, because they could not sue for the mesne profits before their recovery in the ejectment suit.    We think, however, that the causes of action must be held to have accrued when the trespasses were committed, the possession relating back when recovered, and consequently that the statute of limitations must be

held to be a bar except for the four years next before the suit. *Lynch* v. *Cox*, 23 Pa. St. 265 ; *Hill* v. *Meyers*, 46 Pa. St. 15 ; *Morgan* v. *Varick*, 8 Wend. 587 ; *Jackson* v. *Wood*, 24 Wend. 443.

We are not satisfied that the plaintiffs are entitled to a new trial on the ground that the verdict is against the evidence.

*Petition dismissed.*

*Amasa M. Eaton*, for plaintiffs.
*Nicholas Van Slyck*, City Solicitor, for defendant.