NAPOLEON E. ADAMS *vs.* LORRAINE MANUFACTURING CO.

DECEMBER 4, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Pleading.   Joinder of Counts.   Variance.*

Under the provisions of C. P. A., § 246, a plaintiff may properly follow a writ in trespass on the case by a declaration containing a single count in trespass, since the clear intention of the statute is to do away with the distinction between actions of trespass and trespass on the case, so far as the adequacy of the writ to support counts in either action is concerned.

(2)  *Evidence.   Plats.*

In an action of trespass for the removal of sand, a plat of the premises, prepared by an engineer under the direction of plaintiff, showing the location, as plaintiff claimed, of the piles of sand, with the dimensions, was properly admitted.

(3)  *Presumption of Law against Spoliator.*

In an action of trespass for the removal of sand, a charge that if the amount that was taken was disputed, and the jury found that the defendant had knowledge of the rights of the plaintiff and took the sand in violation of his rights, the presumption of law was that the larger quantity and better quality was removed, correctly stated the law.

(4)  *Punitive damages.*

Rule of punitive damages stated in *Hagan* v. *Prov. & Wor. R. R. Co.*, 3 R. I. 88, approved.

TRESPASS.  Heard on exceptions of defendant, and exception as to amount of damages sustained.

JOHNSON, J.   This is an action on the case, brought in the Superior Court in Providence county, the writ being dated November 20, 1905.

The declaration contains a single count in trespass for taking and carrying away sand and gravel of the plaintiff, and alleges that at Pawtucket, during the autumn and winter of the year 1903, and the years 1904 and 1905, the plaintiff had large quantities of sand and gravel stored on premises near the works of the defendant, for use in the plaintiff's business, and that the defendant, by its servants and agents, took and carried away said sand and gravel and used the same for the benefit of said defendant, and by reason of so doing the plaintiff lost said sand and gravel, and also lost several large contracts which he was unable to perform by reason of the loss of said sand and gravel, and lost several opportunities to bid upon other large contracts in his business, etc.

The defendant demurred to said declaration on the ground of variance between the writ and declaration.  Said demurrer was overruled, and the defendant duly excepted.  The case was tried, on its merits, in the Superior Court, March 24, 25, and 26, 1908, and a verdict was rendered for the plaintiff for $2,653.40.

. The defendant moved for a new trial, on the grounds:

1.   That the verdict is against the law.

2.   That the verdict is against the evidence and the weight thereof.

3.   That the damages assessed therein are excessive.

The motion for a new trial was denied, and the defendant excepted.  The case is now before us on the defendant's bill of exceptions.

The exceptions argued by the defendant are the following, which we have numbered in the order of our consideration thereof:

(1)    1.  To the decision of the Superior Court overruling the defendant's demurrer to the declaration on the ground of variance between the writ and declaration.

By § 246, C. P. A., when a plaintiff "has reason to doubt whether the action should be trespass or trespass on the case, he may bring either action and join therein counts in trespass and trespass on the case, or either of them, and the defendant in all such cases shall plead to the several counts according to the practice at common law, and judgment may be entered upon the counts under which the plaintiff may be entitled to recover."  The defendant's contention, that under the statute, a writ in trespass on the case can be followed only by a declaration in trespass on the case, and not by a declaration in trespass, amounts merely to a denial of the plain language of the statute, the clear intention of which is to do away with the distinction between actions of trespass and trespass on the case, so far as the adequacy of the writ to support counts in either trespass or trespass on the case is concerned.  The statute construes itself.  It permits the bringing of either action and the joining of "counts in trespass and trespass on the case, or either of them;" provides that the defendant shall plead to the several counts according to the practice at common law, *and that judgment may be entered upon the counts under which the plaintiff may be entitled to recover.*  The decision of the Superior Court, overruling the demurrer, was correct.

(2)    2.  To the admission of the engineer's plat in evidence.

The witness Havens, a civil engineer, went upon the lots of land in question, and the plaintiff pointed out to him the location where, as he claimed, gravel and sand had been piled. Havens made a plat of the lots and indicated thereon the locations pointed out by the plaintiff, with the dimensions of the same.  He testified that there was practically no sand or gravel there at the time the plat was made, and the plat indicated, as to said locations, only their length and width.  The plat tended to prove nothing as to the amount of sand and

gravel.  The plaintiff could have marked out the locations and measured them, and then have testified to the same at the trial. We see no objection to his having the locations marked on the plat of the lots, by the engineer, under his direction.  The defendant complained of the mutilation of the plat, but the mutilation, according to the evidence, consisted simply in cutting off some figures, on the edge of the plat, which formed no part of the plat, but had been placed there after the plat was made.    The plat was properly admitted.

(3)    3.  To the following portion of the charge to the jury:  "If there is a dispute as to the amount of sand and of gravel that was taken away, and you find that this company knew, had full knowledge of the rights of the plaintiff, if they were acting in violation of his rights, taking this property in defiance of his rights and using it in their own use, and there is a dispute here in the matter of testimony as to the amount that was taken and the quality that was taken, in that case the law would justify you in taking the view that the larger quantity and the better quality was taken, by reason of the fact that the defendant company was guilty of wrongful conduct; because the law does not look upon the act of a spoliator with any favor, but the presumption is against a spoliator, if that be the case."

The instruction stated the law correctly.  It was given hypothetically, and the jury could apply it to the facts as it found them.

(4)    4.  To the decision of the Superior Court denying its motion for a new trial.

From the testimony for the plaintiff it appeared that he had placed several piles of sand and gravel on certain lots of land belonging to the Providence County Savings Bank, and also on certain lots belonging to one Pierson, by permission of the owners of said lots; that after said sand and gravel had been placed on the lots, certain of the lots were conveyed by said bank to the defendant.  The plaintiff testified that he was forbidden, by the agents of the defendant, to remove said sand and gravel, said agents claiming that the piles of sand and gravel belonged to the defendant, as it had bought the land with

all that was on it.  He testified that all the sand and gravel was removed from the lots where he had stored it.  He also testified to the removal of some sand from the Pierson lots by teams of the defendant.  On the plat introduced in evidence the locations of the piles were indicated by letters.  The plaintiff's testimony was given as to the piles of sand and gravel so indicated.  From his testimony it appears that pile A, situated on defendant's land, contained 52 yards and 4 feet of roofing gravel, worth $1.50 per yard.  This would amount to $78.22.  Pile B, also on defendant's land, contained, according to his testimony, 122 yards of screened gravel, worth, as shown by his testimony in cross-examination, $1.25 per yard.  This would amount to $152.50.  Pile C, also on defendant's land, contained 6 yards and 10 feet of sand, worth, as shown by plaintiff's cross-examination, 75 cents per yard.  This would amount to $4.77.  As to the contents of pile D, no testimony was given.  Piles E and F were on land belonging to Pierson.  It was not claimed that the defendant exercised any dominion over these piles on the Pierson land, or prevented the plaintiff from taking the same.  The plaintiff testified to seeing some gravel taken, by teams of the defendant, from the piles on the Pierson land, amounting according to his testimony, to about 1⅓ yards.  This, at $1.25 per yard, amounts to $1.66.  The value, therefore, of the amount of sand and gravel piled on defendant's land by the plaintiff's own testimony amounts to $235.49.  Therefore, if the defendant carried it all away, said sum would constitute all the plaintiff's damage as to those piles.  Adding the value of 1⅓ yards, taken from the piles on the Pierson land, valued at $1.66, the total actual value of the sand and gravel for which the plaintiff could recover would be $237.15.  Interest on that amount, which the jury could well have allowed, would amount to approximately $40.20.  This would bring said amount up to $277.35.  As the plaintiff in his direct testimony stated the value of the sand and gravel taken and converted to its use by the defendant to be $559, it is evident that the balance necessary to make up the verdict of $2,653.40 must have consisted of punitive damages except so far as said sum was made up by the allowance of interest on

the value of the sand and gravel. It appears, therefore, that the punitive damages awarded must have amounted to practically $2,000.

We do not think that the evidence in the case is such as to justify the assessment of punitive damages. In *Hagan* v. *Providence and Worcester R. R. Co.*, 3 R. I. 88, the court said: "In cases where punitive or exemplary damages have been assessed, it has been done, upon evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounted to criminality, which for the good of society and warning to the individual, ought to be punished." We do not find evidence of any such willfulness, recklessness, or wickedness in this case. It is not shown, or attempted to be shown, that the defendant had any notice, at the time it bought the lots, that the bank had given the plaintiff permission to store sand and gravel thereon. If the defendant believed that it owned the gravel it was not willful, reckless, or wicked to the point of criminality for it to forbid its removal. In *Herreshoff* v. *Tripp, City Treas.*, 15 R. I. 92, this court said: "The fact that the city prevented the plaintiffs from taking possession by its police does not show malice or bad faith any more than if it had done so by any other agent or servant. It was precisely what the city would do if it believed itself the rightful owner."

The defendant's exception to the decision of the Superior Court denying its motion for a new trial on the ground that the damages awarded by the verdict are excessive is sustained. The defendant's other exceptions are overruled, and the case is remitted to the Superior Court for a new trial unless the plaintiff shall on or before December 21, 1908, enter his remittitur of so much of said verdict as is in excess of $277.35; and in case of such remittitur, judgment shall be entered for said sum of $277.35.

*Hugh J. Carroll*, for plaintiff.
*Edwards & Angell*, for defendant.
*Frank H. Swan*, of counsel.