STATE LOAN COMPANY *vs.* PATRICK F. BARRY.

JULY 3, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J.   This action of debt on judgment was commenced by writ, wherein the *ad damnum* was fixed at $1000, returnable to the superior court for Providence county. Following the entry of this writ in that court, the defendant filed a plea in abatement thereto, on the ground that the superior court had no *original* jurisdiction of the action and, two days later, he filed a further plea of *nul tiel* record. The plaintiff demurred to the plea in abatement and also moved that such plea be stricken from the record. After hearing,

the plaintiff's demurrer was overruled and his motion to strike out was denied. These rulings are the subject of plaintiff's exceptions now before us.

Plaintiff first contends that the defendant waived the question of jurisdiction raised by the plea in abatement when he filed the plea of *nul tiel* record. This contention is not supported by any citation of authority. The controlling question in this case is whether the superior court has *original* jurisdiction of the subject matter in an action for debt or damages wherein the writ sets the *ad damnum* at $1000. This court has consistently held that the question of jurisdiction over the subject matter may be raised at any time before judgment. *Streeter* v. *Millman,* 68 R. I. 456; *O'Neil* v. *Demers,* 44 R. I. 504. Since the original jurisdiction of the superior court was here questioned properly and in due time, the plaintiff's contention under consideration is clearly without merit.

The plaintiff next contends that the superior court has concurrent original jurisdiction with the district court in this class of cases where the *ad damnum* in the writ is fixed at $1000. The answer to this question is found in the language of the following statutes: Omitting provisions not now pertinent, general laws 1938, chapter 496, §7, provides that the superior court shall have "exclusive original jurisdiction of all other action at law in which the debt or damages laid in the writ *shall exceed* the sum of $1,000.00: *Provided,* that the plaintiff shall not recover costs unless he shall recover in such action not less than $1,000.00 . . . ." On the other hand, G. L. 1938, chap. 500, §28, provides, among other things, that the district court "shall have exclusive original jurisdiction . . . of all civil actions legally brought before it wherein the debt or damages laid in the writ *do not exceed* $1.000.00 . . . ." (italics ours)

The policy of the law in these statutes is to make the debt or damages laid in the writ the test of jurisdiction instead of the actual value of the matter in controversy, and such policy is therein declared in unequivocal language. *Ryder*

v. *Brennan,* 28 R. I. 538. The effect of the statutes taken together is to give exclusive original jurisdiction to district courts of all actions at law in which the debt or damages are laid in the writ at not more than $1000, and exclusive original jurisdiction to the superior court in all such actions where the debt or damages are laid in the writ at more than $1000. The case of *Holman* v. *Steadman,* 26 R. I. 158, gives the plaintiff no assistance, as that case deals with an entirely different question from the one now before us.

The plaintiff argues that since the above-quoted proviso in §7 of chap. 496 empowers the superior court to enter judgment in a case where the amount of recovery is exactly $1000, it necessarily follows that said section confers original jurisdiction upon the superior court, concurrently with the district courts, of all actions of the type under consideration in which the debt or damages are laid in the writ at exactly $1000. This argument is unsound on two grounds. First, in so construing §7, the plaintiff completely disregards the correlative provision as to the jurisdiction of district courts in §28 of chap. 500. The equally mandatory and plain language of these two sections must be read together in determining the original jurisdiction of the superior court in all civil actions not otherwise mentioned in §7. Second, the plaintiff misconstrues the purpose of the proviso in question, which is to prevent claiming original jurisdiction in the superior court in circumstances that do not warrant such jurisdiction, as ultimately appears by the judgment in the case. In other words, the denial of costs in a case within the proviso is a penalty for the failure to comply with the requirement of §7 respecting the original jurisdiction of the superior court as therein defined. See *Ryder* v. *Brennan, supra.*

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.
*William E. Walsh,* for defendant.