261 A.2d 843.
JUSTIN D. DEVEREAUX, *p.p.a. vs.* ROBERT J. KELLY.

JANUARY 28, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The plaintiff is a minor who sues by his mother and next friend. He appeals from a Superior Court judgment dismissing his complaint for failure to state a claim upon which relief could be granted.

The gist of plaintiff's complaint is that he has been deprived of transportation to and from school by reason of defendant's actions. In his complaint he recites that in the past a school bus arrived at his residence on each school day at about 8:00 a.m. and that the bus driver announced its arrival by sounding its horn. Evidently the sound of the horn so disturbed defendant, a neighbor, that he threatened the bus driver if the driver persisted in thus informing plaintiff that the time had arrived for him to depart for school. Concerned about defendant's threats, the bus driver no longer blows the horn. The result is that plaintiff is not notified of the bus's arrival and departure, and this gives rise to his complaint that he is denied transportation and the opportunity to attend school.

The plaintiff argues that it was not clear beyond a reasonable doubt that under his complaint he would be unable to prove any set of facts in support of his claim which would entitle him to relief, and that in those circumstances it was error for the trial justice to hold that

his complaint was insufficient. The rule he invokes is, of course, the one we follow in testing whether a complaint can survive a Rule 12(b)(6) motion to dismiss. *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 227 A.2d 582.

The success of this appeal, however, depends upon something more than a restatement of the *Bragg* rule. It requires in addition, and as a minimum, a reference to some legal principle or authority upon which his claim for relief can rest. Here he offered none except for the unsupported averment in his brief that "Surely the malicious action of a neighborhood crank in knowingly scaring away a school bus is actionable on behalf of the child who loses his ride to school and thereby loses his education." That bald assertion is not sufficient. While the plaintiff's neglect to offer more is perhaps understandable, it is nonetheless inexcusable. Compliance with the letter and the spirit of our Rule 15 governing the requirements for briefing and arguing in this court demands that an appellant place us in a position where, after reading his brief and listening to his argument, we are more advised and knowledgeable on the merits of his appeal than we would have been if his appeal had come here unaccompanied by either brief or argument. The plaintiff has not met that requirement, and for that reason we consider the question of his claim to relief as having been neither briefed nor argued and therefore waived. *Clarke* v. *Sullivan,* 103 R. I. 177, 235 A.2d 668.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Samuel A. Olevson,* for plaintiff.

*Martin L. Greenwald,* for defendant.