369 A.2d 1109.

ARAM K. BERBERIAN *et al. vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

MARCH 4, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, J.J.

PAOLINO, J. This is an appeal from an order entered in the Superior Court granting the defendant's motion to dismiss the plaintiffs' amended complaint on each of the six grounds stated in such motion.

The complaint is in two counts. The plaintiffs describe themselves therein as residents of the county of Providence, State of Rhode Island. Count One was filed by them on behalf of the named plaintiffs alone. Count Two was filed as a class action under Super. R. Civ. P. 23 on behalf of the named plaintiffs and all others similarly situated.

The complaint alleges in each count that defendant telephone company is a regulated public utility; that defendant has issued telephone directories known as the white pages and the yellow pages; that defendant does not charge for listings in these directories in regular print, but does make a monthly charge of $3.50 for *advertising by bold face* print listings in the white pages and for all listings in the yellow pages; that defendant was obliged to file tariffs covering these charges with the appropriate regulatory agency; and that such charges are unreasonable, arbitrary and excessive.

The plaintiffs demanded judgment under G. L. 1956 (1969 Reenactment) §39-2-7[1] refunding to plaintiffs and to each member of the plaintiff class so much of said charges as shall be found to be unreasonable, arbitrary and excessive for the past 3 years, the period under the applicable statute of limitations, §39-2-7, together with punitive damages. The plaintiffs demanded a jury trial under Super. R. Civ P. 38 and/or 39 on the issue of how much of said charge of $3.50 per month was unreasonable, arbitrary and excessive.

The defendant responded by filing a motion to dismiss under Super. R. Civ. P. 12(b) on six separate grounds. In the first defendant alleges that:

> "The Court lacks jurisdiction because the amount in controversy is less than Five Thousand Dollars ($5,000) with Plaintiffs' claim for punitive damages being improper as a matter of law. Also, Plaintiffs' claim for a Class Action in Count Two does not allow aggregation of claims to supply the jurisdictional amount."

We agree with defendant's claim that the Superior Court lacked jurisdiction over the subject matter for the reasons stated in defendant's first ground and therefore affirm the Superior Court's order.

---

[1]General Laws 1956 (1969 Reenactment) §39-2-7 reads as follows:

"Civil liability for violations—Limitation of actions.—If any public utility shall do or cause to be done or permit to be done any matter, act or thing in chapters 1 to 5, inclusive, of this title prohibited or declared to be unlawful, or shall omit to do any act, matter or thing to be done by it, such public utility shall be liable to the person, firm, or corporation injured thereby, in a civil action to be brought within three (3) years from the time the cause of action accrues and not after, for the amount of damage sustained in consequence of such violation; provided, that any recovery as in this section provided shall in no manner affect the recovery by the state of the penalty prescribed for such violation."

## I

We address ourselves initially to the question whether it was error, as plaintiffs claim, to dismiss Count One of the complaint for lack of "amount in controversy" jurisdiction. The controlling statute is G. L. 1956 (1969 Reenactment) §8-2-14, as amended, which reads in pertinent part as follows:

> "The superior court * * * shall also have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of five thousand dollars ($5,000) * * *."

As noted in their brief, the total claim of the named plaintiffs is $378, based on charges of $3.50 per month for the 36-month period. It is clear that this sum falls short of the required jurisdictional amount unless plaintiffs' punitive damage claim for $5,000 may be considered in determining whether the necessary amount in controversy exists.

The plaintiffs contend that it has long been the policy of this court to determine jurisdiction by the amount specified in the writ and not by the actual value of the matter in controversy. Cited in support of this position are *Ryder* v. *Brennan,* 28 R.I. 538, 68 A. 477 (1908) and *State Loan Co.* v. *Barry,* 71 R. I. 188, 43 A.2d 161 (1945), which hold that under applicable statutes, the debt or damages stated in the writ is the test of jurisdiction of the Superior Court. The plaintiffs also note that although the writ no longer contains an ad damnum clause under the new Superior Court Rules of Civil Procedure, Super. R. Civ. P. 82 provides that:

> "These rules shall not be construed to extend or limit the jurisdiction of the Superior Court * * *."

Thus, they argue when, as here, the complaint sets forth an ad damnum, the rule set forth in *Ryder* v. *Brennan and State Loan Co.* v. *Barry,* both *supra,* should apply and the

ad damnum should be conclusive of Superior Court jurisdiction.

Continuing, plaintiffs note that the same principle seems to apply in the federal courts and that the usual test in those courts is that the complaint cannot be dismissed for want of jurisdiction, provided the demand is for more than the jurisdictional amount, unless it appears to a legal certainty that plaintiff cannot recover the amount which he demanded. The plaintiffs cite *Bell* v. *Preferred Life Assurance Soc'y*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943), as an example of the federal practice and they refer to 1 Barron & Holtzoff, *Federal Practice and Procedure* §24 (Wright ed. 1960), where the authors state the rule as follows:

> "Punitive damages claimed in good faith and permitted by state law are included in determining the amount in controversy." *Id.* at 118.

The plaintiffs assert that under Rhode Island law punitive damages serve to deter repetition of aggravated misconduct; that public utilities guilty of outrageous abuse of power and privilege have been held responsible for punitive damages; and that while in other cases punitive damages have not been allowed where the defendant was merely negligent, the courts in dicta have indicated the result would be otherwise if the conduct had been shown to be intentional.

In these circumstances, plaintiffs argue that it was error to dismiss Count One on the pleadings. They contend that an evidentiary hearing was necessary to properly conclude whether or not punitive damages were to be allowed, and that the Superior Court was obliged to construe the complaint in the light favorable to them and to rule that the conduct set forth in Count One was sufficient to deny the motion to dismiss.

We agree with plaintiffs' argument that damages de-

manded may satisfy the jurisdictional amount, but this is not true when it appears with legal certainty that plaintiffs cannot recover the amount demanded. Punitive damages, in order to be considered in determining the amount in controversy, must be permitted by state law. *See* 1 Barron & Holtzoff, *Federal Practice and Procedure* §24 at 105-06. (Wright ed. 1960); *Almacs, Inc.* v. *Hackett,* 312 F. Supp. 964 (D.R.I., 1970); and *Boulevard Realty Corp.* v. *Providence Redev. Agency,* 308 F.Supp. 224 (D.R.I., 1969).

The defendant states that punitive damages are not generally permitted except in tort actions and argues briefly that plaintiffs' complaint is based on the theory of contract. We shall assume, without deciding, for the purposes of this proceeding that plaintiffs' case is one in tort. Our cases indicate that punitive damages are permitted only for torts involving malice, wantonness and willfulness. *See* Prosser, *Torts* §2 at 9-10 (4th ed. 1971). *See also Adams* v. *Lorraine Mfg. Co.,* 29 R.I. 333, 338, 71 A. 180, 182 (1908), *quoting Hagan* v. *Providence & Worcester R.R.,* 3 R.I. 88, 91 (1854):

> " 'In cases where punitive or exemplary damages have been assessed, it has been done, upon evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounted to criminality * * * ' "

and *Herreshoff* v. *Tripp,* 15 R.I. 92, 94, 23 A. 104, 105 (1885), where the court said:

> "Courts which allow exemplary or vindictive damages allow them only when the defendant has acted maliciously or in bad faith."

In the case at bar we agree with defendant's statement that plaintiffs have not even suggested in their complaint that defendant's conduct could be so categorized. Rather, plaintiffs allege that the $3.50 per month charge is "unreasonable, arbitrary, excessive and bears no reasonable relationship to defendant's costs of providing such service."

None of the allegations in the complaint allege, either directly or inferentially, that defendant is guilty of conduct which would entitle plaintiffs, under the cases discussed above, to punitive damages. The cases cited in plaintiffs' brief with respect to the issue of punitive damages are not helpful here. Each of them involved allegations by plaintiffs, and findings, of willful and wanton or coercive conduct by the public utility in violation of existing tariffs and regulations. Thus, even if we assume that plaintiffs are entitled to compensatory damages under §39-2-7, they are not entitled on the basis of the allegations in their complaint, as a matter of law, to punitive damages. The claim for punitive damages is improper as a matter of law and, therefore, the $5,000 jurisdictional amount cannot be met by plaintiffs.

For the reasons stated, we hold that it was not error for the Superior Court to dismiss Count One of the complaint for lack of "amount in controversy" jurisdiction.

## II

We consider next the question whether it was error for the Superior Court to dismiss Count Two for lack of jurisdiction on the ground that no individual member of the class had a claim of more than $5,000. The first ground in defendant's motion to dismiss states, with respect to the class action, that plaintiffs' claim for a class action in Count Two does not allow aggregation of claims to supply the jurisdictional amount.

The plaintiffs contend that it was obvious error to dismiss Count Two on this ground because §8-2-13 confers on the Superior Court "exclusive original jurisdiction of suits and proceedings of an equitable character" irrespective of the amount in controversy. Relying on a quote

from 1 Kent, *R.I. Civ. Prac.*, §23.1 at 192 (1969),[2] plaintiffs conclude that class actions are equitable in character and therefore the Superior Court has exclusive original jurisdiction over all class actions regardless of the amount in controversy.

The specific question raised by plaintiffs' contention is whether, because they claim a class action, Count Two can be said to properly fall within the "equitable jurisdiction" of the Superior Court under §8-2-13 and thus be exempt from the $5,000 requirement.

The plaintiffs have cited Professor Kent as to the equitable origins of the class action but have ignored its evolution, which may encompass actions at law as well;[3] they have furnished this court with no oral argument or supporting authority on this issue as it applies to the case at bar. Bald statements that "[i]t was obvious error to dismiss Count Two on this ground" and that "[i]n short, class actions are equitable in character, and the Superior Court has exclusive original jurisdiction over all class actions regardless of the amounts in controversy" are not sufficient to satisfy our rule governing briefing and arguing appeals in this court. As we said in *Devereaux* v. *Kelly,* 106 R.I. 499, 501, 261 A.2d 843, 844 (1970):

> "Compliance with the letter and the spirit of our Rule 15 governing the requirements for briefing and arguing

---

[2] In this commentary to Super. R. Civ. P. §23.1 Professor Kent notes:
"The class action has been described as 'an invention of equity . . . , mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs.' The class action in equity has been accorded limited judicial recognition in Rhode Island. Rule 23(a) extends the class device and eliminates restrictions contained in former Superior Court Rule 67."

[3] *See* 2 Barron & Holtzoff. *Federal Practice and Procedure* §561 at 256 (Wright ed. 1961).

in this court demands that an appellant place us in a position where, after reading his brief and listening to his argument, we are more advised and knowledgeable on the merits of his appeal than we would have been if his appeal had come here unaccompanied by either brief or argument."

The plaintiffs have not met that requirement, now encoded in our Rule 16, and for that reason we treat this issue as having been neither briefed nor argued and therefore waived. *Devereaux* v. *Kelly, supra.*

Our conclusion with respect to the question of equitable jurisdiction applies equally to plaintiffs' alternative argument as to the propriety of aggregating the amounts in controversy in a class action so as to fulfill a jurisdictional minimum amount in controversy. Here again, other than stating that "a recent decision of the United States Supreme Court would indicate this aggregation is proper," plaintiffs refer to no legal principle or authority upon which their claim as to aggregation can rest. The case to which they refer, *Eisen* v. *Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), is of no help to them or to this court with regard to the issues of aggregation of claims in a class action. The only issue dealt with by the Court in that case was the notice requirement, under Federal Rule 23, to members of the class. The plaintiffs have not met the requirements of our rule governing briefing and arguing in this court and therefore we treat this question also as having been neither briefed nor argued and therefore waived. *Devereaux* v. *Kelly, supra.*

For the reasons stated we hold that the Superior Court did not err in granting defendant's motion to dismiss Count Two on the ground that no individual member of the class had a claim of more than $5,000.

Our holding that the Superior Court was not in error in granting the defendant's motion to dismiss on the basis of the first ground of the defendant's motion to dismiss

is dispositive of this appeal. For that reason it is unnecessary to consider the five remaining grounds set forth in the defendant's motion.

The plaintiffs' appeal is denied and dismissed, and the order appealed from is affirmed.

*Samuel A. Olevson,* for plaintiffs.

*Tillinghast, Collins & Graham, DeWitte T. Kersh, Jr., Richard A. Sherman,* for defendant.