**Joseph CHEN**

v.

**SUBARU OF AMERICA et al.**

**No. 2008–322–Appeal.**

Supreme Court of Rhode Island.

Oct. 21, 2009.

Joseph Chen.

Daryl E. Dayian, Esq., Providence.

**ORDER**

This case came before the Supreme Court on October 2, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, Joseph Chen (plaintiff), appeals *pro se*, from the Superior Court's entry of summary judgment in favor of the defendant, Pat's Auto Center (defendant). Because we are satisfied that cause has not been shown, we shall decide the appeal at this time. We affirm.

The facts of this case are straightforward. On June 20, 2005, plaintiff took his 1995 Subaru Impreza Sedan to defendant's repair shop in Westerly, Rhode Island, to have a new clutch assembly installed. Before us, plaintiff alleged he informed defendant that the car must be finished by that afternoon so plaintiff could have made it to a job interview in New York. Later in the day, defendant notified plaintiff that the clutch assembly necessary for this model Subaru was not available and that it would not be until the next day when the work was completed. The plaintiff also alleges that, based on his research, defendant overcharged him for the clutch assembly when it finally arrived. The plaintiff filed a complaint against defendant in Superior Court alleging breach of contract and misrepresentation of the clutch assembly price.[1]

On June 16, 2008, a hearing on defendant's motion for summary judgment was held in Superior Court based on lack of subject-matter jurisdiction. The trial justice granted the motion, finding that plain-

---

**3.** The trial justice expressed a willingness to entertain a motion for recusal if one was filed.

**1.** The plaintiff's complaint listed both Pat's Auto Center and Subaru of America as codefendants. Specifically, plaintiff relies on the Unfair Trade Practice and Consumer Protec-

tion Act in his allegations against Subaru. The case against Subaru is not currently before our Court because defendant-Subaru's motion for summary judgment was denied. As of October 2009, that case is still pending in Superior Court.

tiff's claim did not rise to the threshold amount in controversy under G.L. 1956 § 8–2–14.[2] The plaintiff appealed the grant of summary judgment.[3]

Before this Court, plaintiff argues that there was a valid contract between the two parties, which defendant breached by not timely finishing the work. As a consequence, plaintiff allegedly suffered damages because he was unable to travel to New York to interview for employment. The plaintiff contended that had his vehicle been operable, he would have arrived in time for his job interview, would have secured employment, and would have realized substantial earnings from that employment. We deem plaintiff's arguments without merit.

This Court will review a trial justice's decision granting summary judgment under a *de novo* standard of review. *Lynch v. Spirit Rent–A–Car, Inc.*, 965 A.2d 417, 424 (R.I.2009) (citing *Cullen v. Lincoln Town Council, 960 A.2d 246, 248 (R.I. 2008)).* We do so in "a light most favorable to the nonmoving party and will affirm the judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id The nonmoving party "bears the burden of proving, by competent evidence, the existence of facts in dispute." *Willis v. Omar,* 954 A.2d 126, 129 (R.I.

2008) (quoting *The Providence Journal Co. v. Convention Center Authority,* 774 A.2d 40, 46 (R.I.2001)). As we stated in *Bourg v. Bristol Boat Co.,* 705 A.2d 969, 971 (R.I.1998), "the opposing part[y] will not be allowed to rely upon mere allegations or denials in [the] pleadings. Rather, by affidavits or otherwise [the opposing party has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact."

Applying that standard to the case at hand, it is clear that plaintiff's claim failed to meet the minimum amount in controversy that is required for a case to proceed in Superior Court. By his own allegations set forth in his complaint, plaintiff stated that he was overcharged for the clutch assembly by approximately $110. He made no other claim for specific damages against this defendant. According to the standard articulated in *Bourg,* plaintiff failed to produce any evidence about his potential employment and loss of salary that could have amounted to the required amount. *Bourg,* 705 A.2d at 971. Reviewing this case in the light most favorable to plaintiff, there is no evidence in the record before us, of any "loss of job earnings" that could meet the statutory threshold.

As we stated in *Carvalho v. Coletta,* 457 A.2d 614 (R.I.1983), "[g]enerally a court must determine jurisdiction by the amount

**2.** General Laws 1956 § 8–2–14(a) provides in part:
   "The [S]uperior [C]ourt * * * shall have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars ($10,000); and shall also have concurrent original jurisdiction with the [D]istrict [C]ourt in all other actions at law in which the amount in controversy exceeds the sum of five thousand dollars ($5,000) and does not exceed ten thousand dollars ($10,000) * * *."
   Although the trial justice appeared to base her decision on the fact that this did not rise to

the $10,000 level, whether the summary judgment was based under the concurrent or original jurisdictional amount is immaterial because plaintiff failed to allege either of the required amounts.

**3.** Although plaintiff passionately argued that the trial justice should have denied this motion based on collateral estoppel and *res judicata* grounds because this was a second hearing and a second motion for summary judgment, he is incorrect; it is axiomatic that the question of summary judgment can be raised at anytime.

specified in the complaint and not by the actual value of the matter in controversy." *Id.* at 616 (citing *Berberian v. New England Telephone & Telegraph Co.*, 117 R.I. 629, 633–34, 369 A.2d 1109, 1112 (1977)). Here, the trial justice was correct in granting summary judgment because there was no prayer in the plaintiff's complaint seeking punitive damages against the defendant.[4] Under the most generous reading of the plaintiff's complaint, we are fully satisfied that it contains no legally cognizable claim for punitive damages against the defendant.

For the reasons stated in this order, we affirm the grant of summary judgment. The record may be remanded to Superior Court.

" * * *

---

4. Upon reviewing plaintiff's amended complaint, we are content that he has only alleged punitive damages against Subaru of America, not Pat's Auto Center, which is the only defendant before us at this time.