**Supreme Court**
No. 2011-270-Appeal

Joseph Chen                    :

v.                    :

Subaru of America.                    :

**O R D E R**

Before this Court are cross-appeals by the plaintiff, Joseph Chen, and the defendant, Subaru of America (Subaru).[1] This case came before us for oral argument on October 23, 2012, pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided. After reviewing the record and considering the written and oral submissions of the parties, we are satisfied that these appeals may be decided without further briefing or argument. For the reasons set forth in this order, we dismiss the appeals and affirm the judgment of the Superior Court.

Although we ultimately resolve this consolidated appeal on procedural grounds, we briefly turn to the facts in this case. Chen is the owner of a 1995 Subaru Impreza, which he

---

[1] The case before us involves three separate docket numbers, which have been consolidated by this Court. Case No. 2011-270-A is a cross-appeal by Subaru. Despite prevailing on a motion for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure in this case, Subaru cross-appeals from the Superior Court's (1) denial of its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and (2) denial of its motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. Case No. 2011-271-A is Chen's appeal from the trial justice's ruling quashing certain subpoenas as facially defective. Lastly, Case No. 2011-272-A is Chen's appeal from the grant of judgment as a matter of law in favor of Subaru.

obtained in 2004 from a private individual. On June 14, 2005, Chen brought the car to Pat's Auto Center (Pat's), a repair shop located in Westerly, Rhode Island, to fix the clutch on the manual transmission, which he believed had been slipping.[2] Pat's ordered a new clutch assembly and told Chen to bring the car back to the repair shop on June 20, 2005, for the installation.

Thereafter, when Pat's attempted to install the new clutch assembly, it soon discovered that the replacement part it had ordered did not fit with the car's transmission. Consequently, the car was not ready for Chen to pick up that same day (June 20, 2005), as Pat's had originally promised. Pat's ultimately completed the installation two days later, on June 22, 2005.

Chen, representing himself pro se, then brought a claim against Subaru under the Deceptive Trade Practices Act (act), G.L. 1956 chapter 13.1 of title 6.[3] He claimed that Subaru, when it originally manufactured his car, improperly installed an "unidentified [m]ishmash part," which did not conform to the actual specifications for the specific model of his car.

---

[2] Chen originally filed a complaint naming both Subaru and Pat's as defendants. In his breach-of-contract claim against Pat's, he claimed that Pat's overcharged him for the installation of the clutch and misrepresented when the job would be completed. On June 26, 2008, the Washington County Superior Court granted summary judgment in favor of Pat's because the claim failed to meet the requisite amount in controversy. We affirmed the grant of summary judgment in an order on October 21, 2009. Chen v. Subaru of America, 981 A.2d 1018 (R.I. 2009) (mem.). Accordingly, Pat's is no longer a defendant in this case.

[3] In pertinent part, G.L. 1956 § 6-13.1-5.2(a) provides that

> "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2 [comprising '[u]nfair methods of competition and unfair deceptive acts or practices in the conduct of any trade or commerce'], may bring an action * * * to recover actual damages * * *. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper."

Subaru subsequently moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and submitted a memorandum contending that Chen failed to state a claim under the act because (1) there was no privity of contract between Chen and Subaru; and because (2) Chen did not specifically plead that he suffered an ascertainable loss of money or property. On February 19, 2007, a hearing justice denied the motion, viewing the facts in the light most favorable to Chen. The hearing justice declared that the act did not "seem to * * * require[ ] privity of contract between the consumer and the alleged deceptive trade practice violator, as long as there is a connection between the deceptive trade practice and the harm to the plaintiff."

Thereafter, Subaru moved for summary judgment. In its supporting memorandum, Subaru maintained that Chen lacked standing under the act. In an order dated August 18, 2008, a second hearing justice denied the motion. She memorialized that order in a written decision issued on August 25, 2008, in which she determined that Chen had standing to bring a claim against Subaru under the act. Notably, though, she stated that because the "motion was based solely on * * * arguments as to standing, * * * it [wa]s therefore irrelevant to this motion whether or not the alleged conduct itself [wa]s deceptive as a matter of law."

At two separate pretrial hearings a third justice, who later presided over the trial, quashed subpoenas that were issued to two witnesses Chen had expected to call at trial. The subpoenas did not contain the signatures of an issuing officer, as required by Rule 45 of the Superior Court Rules of Civil Procedure. Chen objected to the trial justice's ruling quashing the subpoenas, arguing, among other things, that the motion to quash was not brought within a reasonable time. He thereafter appealed to this Court. The appeal, however, was interlocutory and therefore not

appropriate for review by this Court at the time it was filed.[4] See Francis v. Brown, 776 A.2d 1065, 1065-66 (R.I. 2001) (mem.); see also 2 David A. Wollin, Rules of Appellate Procedure with Commentaries § 3:2 (West 2004) ("It has long been established in Rhode Island that appellate review must normally await the trial court's final determination of the action. * * * [T]he right to appeal is limited to final judgments, orders, and decrees * * * [since these dispositions] completely terminate[ ] the litigation between the parties on the merits.").

The case then proceeded to trial before a jury on February 8, 2011.[5] After Chen rested his case, Subaru moved for a judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure, which the trial justice granted on February 9, 2011. In his decision, the trial justice noted that, although Chen marked exhibits for identification, none were actually submitted into evidence as full exhibits. Taking the evidence in the "light most favorable to Mr. Chen," the trial justice determined that Chen failed to satisfy the requisite elements under the act. Specifically, he ruled that Chen failed to (1) produce evidence that Subaru actually manufactured the car and parts at issue; (2) demonstrate that a deceptive act ever occurred;[6] and (3) prove that he suffered actual damages. Lastly, the trial justice determined that Chen was not entitled to punitive damages because he failed to prove that any acts on the part of Subaru were "intentional[,] * * * malicious, reckless, or in wanton disregard for the rights of Mr. Chen or other complainants."

---

[4] At the outset, we note that review of the trial justice's decision to quash the subpoenas would ordinarily merge into Chen's subsequent appeal from the final judgment in favor of Subaru. See Greensleeves, Inc. v. Smiley, 942 A.2d 284, 290 (R.I. 2007) (stating that "a notice of appeal that designates the final judgment encompasses not only that judgment, but also all earlier interlocutory orders that merge in the judgment") (quoting John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 105 (1st Cir. 1998)).

[5] As we discuss below, the transcript from the actual trial proceeding was never ordered on appeal, which is ultimately fatal to this appeal.

[6] Additionally, the trial justice stated that Chen "needed to submit expert testimony in order to establish that [the part at issue] was defective."

Chen then appealed to this Court.[7] Thereafter, Subaru cross-appealed from the Superior Court's earlier denials of its Rule 12(b)(6) motion and its Rule 56 motion for summary judgment. Based on the record before us on appeal, there are threshold procedural impediments that preclude this Court from deciding whether the trial justice's decisions to quash the subpoenas and to grant judgment as a matter of law were proper.

Chen did not perfect the appeal to this Court in accordance with Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure. His failure to order a transcript of the trial proceeding in this case is not only "risky business," but also fatal to his appeal. See Bergquist v. Cesario, 844 A.2d 100, 105 (R.I. 2004). Rule 10(b)(1) states that "[w]ithin twenty (20) days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record." Additionally, Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure provides that, "[t]he record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal * * *."

Moreover, pursuant to Rule 11, "it is the duty of the appellant 'to ensure that the record is complete and ready for transmission.'" Small Business Loan Fund Corp. v. Gallant, 795 A.2d 531, 532 (R.I. 2002) (quoting Procopio v. PRM Concrete Corp., 711 A.2d 650, 651 (R.I. 1998) (mem.)). As such, "[f]ailure to perfect an appeal under Rule 11, which requires transmission of the record within 60 days of filing the notice of appeal, 'leaves a [would-be appellant] in the

---

[7] In its brief to this Court, Subaru contends that Chen's appeal is premature because he appealed a few hours prior to the entry of final judgment. However, the later entry of final judgment cured the defect in the premature appeal. See Merrimack Mutual Fire Insurance Co. v. Dufault, 958 A.2d 620, 623 n.4 (R.I. 2008).

same position as not having filed notice at all.'" Gallant, 795 A.2d at 532-33 (quoting Town of Lincoln v. Cournoyer, 188 R.I. 644, 648, 375 A.2d 410, 412 (1977)).

It is well settled that "[if] the appealing party fails to provide a sufficient transcript, th[is] Court cannot perform a meaningful review and has no choice but to uphold the lower court's findings." Bergquist, 844 A.2d at 105 (citing State v. Pineda, 712 A.2d 858, 861 (R.I. 1998)). Here, without a transcript of the trial proceeding, we are unable to adequately conduct the requisite de novo review of the trial justice's decision on the motion for judgment as a matter of law. See Savoy Realty Corp. v. LPL, Inc., 121 R.I. 962, 962, 401 A.2d 61, 61 (1979) (mem.) ("[W]e ordinarily will not decide matters presented to us unless there has * * * been transmitted to us so much of the record of the tribunal below as may be necessary to enable us to pass on the question at issue * * *."); see also Medeiros v. Sitrin, 984 A.2d 620, 625 (R.I. 2009). Therefore, we deny and dismiss Chen's appeal of that decision.

Additionally, with respect to Chen's appeal of the trial justice's decision to quash the subpoenas, we likewise dismiss. As noted above, Chen's initial appeal was interlocutory and therefore not properly before this Court. Nonetheless, once Chen appealed the final judgment to this Court, the interlocutory orders merged into that appeal. See note 4, supra. However, since we dismiss the appeal of the trial justice's decision on the motion for judgment as a matter of law, there is no longer a proper vehicle that enables us to review the quashing of the subpoenas. Accordingly, the appeal of the trial justice's decision to quash the subpoenas is effectively unhinged from the appeal of the Rule 50 motion, and it is dismissed.

We note, though, that even if we were to consider the merits of Chen's appeal of the trial justice's decision to quash the subpoenas, we discern no abuse of discretion on the part of the

trial justice. <u>See</u> <u>Butera v. Boucher</u>, 798 A.2d 340, 345 (R.I. 2002).[8] We agree with the trial justice's determination that the subpoenas were invalid for their failure to contain the signature of an issuing officer, in contravention of Rule 45. Thus, we would conclude that the quashing was proper.

Furthermore, we need not reach the merits of Subaru's cross-appeal, since we affirm the judgment of the Superior Court in favor of Subaru. At oral argument, Subaru acknowledged that its cross-appeal was brought out of "an abundance of caution" and was therefore contingent. It is well settled that this Court will not render an advisory opinion, unless it is constitutionally required. <u>See</u> <u>H.V. Collins Co. v. Williams</u>, 990 A.2d 845, 847 (R.I. 2010). Therefore, we dismiss the cross-appeal.

For the reasons stated in this order, we dismiss the appeals and affirm the judgment of the Superior Court, to which we remand the record in this case.

Entered as an Order of this Court, this **27th** day of **November, 2012**.

By Order,

_____/s/_____
Clerk

---

[8] On appeal, although Chen failed to order a transcript of the trial proceeding, he did order transcripts of the hearings concerning the motions to quash.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Joseph Chen v. Subaru of America.

**CASE NO:**  No. 2011-270-Appeal
No. 2011-271-Appeal
No. 2011-272-Appeal
(WC 06-132)

**COURT:**  Supreme Court

**DATE ORDER FILED:**  November 27, 2012

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  N/A – Court Order

**SOURCE OF APPEAL:**  Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

Associate Justice O. Rogeriee Thompson

Associate Justice Jeffrey A. Lanphear

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Joseph Chen, Pro se

For Defendant:  Kelly A. Kincaid, Esq.