## James J. McKittrick *vs.* George H. Bates *et al.*

### MARCH 30, 1926.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Appeal and Error. Equity.*

On appeal from a decree in equity, the question is not whether the reason for the decree given by the lower court was good or bad, but whether the decree was warranted on the established facts.

*(2) Replevin. Value of Goods. Jurisdiction.*

A writ of replevin stating the value of the goods as less than $500 and an *ad damnum* of $1,000, is returnable to the District Court under Gen. Laws, 1909, cap. 336, sec. 12.

*(3) Replevin. Nonsuit.*

A judgment of nonsuit in an action of replevin, for lack of jurisdiction does not determine title but plaintiff has the right to commence a new action within one year, under Gen. Laws, 1909, cap. 297, sec. 1.

*(4) Replevin. Equity.*

X. brought an action of replevin against Y. and on hearing X. was nonsuited for lack of jurisdiction of the action.

X. being in possession of the goods and before execution could be issued on the judgment following the nonsuit brought a bill in equity to determine the title:—

*Held,* that as replevin in the proper court would have determined everything that complainant sought to have decided by the bill, his selection of a court without jurisdiction was not a circumstance to warrant equitable interference.

*(5) Equity. Jurisdiction.*

The scope of equitable action is well defined and it does not attempt to reach all cases where a right can not be vindicated at law, nor does it reach cases where a right has been lost by complainant's own act.

BILL IN EQUITY. Heard on appeal of complainant and dismissed.

Barrows, J. This case is before us on appeal from a decree of the Superior Court dismissing complainant's sworn bill after hearing upon it, answer, replication and oral testimony on issues of fact.

The bill, filed in November, 1923, seeks a determination by a court of equity of title to certain articles of household furniture in a lodging house in Providence and incidental

thereto asks for an injunction preventing respondents from taking out execution in complainant's action of replevin which was dismissed for want of jurisdiction and from suing the surety company on the replevin bond.

The undisputed facts are sufficient to determine the case without reference to the issues framed by the parties.

Complainant's objection to the decree is that it was based on a finding of fact not agreed upon as an issue and a finding of law that a return of or offer to return the furniture was necessary to maintain complainant's bill. The former is without merit and we do not deem a return or tender as decisive. On appeal our question is not whether the reason for the decree given by the lower court was good or bad; our problem is whether the decree was warranted on the facts established.

The goods, ownership of which was claimed by complainant, were attached in an action at law by respondent Moni against complainant's vendor in February, 1921. Complainant, averring ownership since December, 1920, and giving the usual bond for return, at once replevied the furniture on a writ setting forth its value as less than $500 and averring an *ad damnum* of $1,000. Gen. Laws, 1909, Chap. 336, Sec. 12, provided that writs of replevin where the value of the *goods* was $500 or less should be returnable to the district court. Complainant made the writ returnable to the Superior Court on the theory that such court had jurisdiction when the *ad damnum* exceeded $500. The case was tried in December, 1922, and plaintiff adjudged nonsuit because the Superior Court was without jurisdiction on account of the stated value of the goods. Such ruling was correct. *Mack Motor Truck Co.* v. *Dorsey*, 45 R. I. 65. Exceptions to the Supreme Court were withdrawn in November, 1923, and the case was remitted to the Superior Court for entry of judgment for the defendant on the nonsuit. This judgment, being based on lack of jurisdiction, could not determine title. *Smith* v. *Fisher*, 13 R. I. 624, but

(3) plaintiff had the right to commence a new action within one year.  G. L. 1909, Chap. 297, s. 1.

During the litigation complainant had used and worn out some of the furniture.  Respondents stood strictly upon their rights when complainant proposed a return of goods remaining in order that he might commence a new action of replevin.  Complainant found himself in possession of the goods claimed to be his own, and unable to divest himself of possession so that he could try title by a new replevin suit.  In this plight, before execution could be issued on the judgment following the nonsuit, the present bill was brought showing that complainant still held the furniture and was desirous that title to it should be determined.  The theory was that complainant was in possession of his own goods,
(4) title to which was disputed, by the attaching creditor, Moni, and because there was no way to establish his title at law, equity should determine it.

Equitable jurisdiction may be roughly classified into three groups:  (1 Pom. Eq. Juris. 4th ed. § 129-215) First: those cases in which the right asserted is one of which equity alone takes cognizance, *i. e.*, subjects of exclusive jurisdiction; second, those cases in which the right is recognized at law but the remedy therein is inadequate, *i. e.*, subjects of concurrent jurisdiction and third, a group of cases not now requiring consideration classified as auxiliary jurisdiction.  Complainant's title to the goods which he here seeks to vindicate is not a purely equitable right and not included in the first group.  It is a right belonging to the second group and not to be decided in equity, unless inadequately determinable at law.  Legal title to either land or chattels is fully cognizable at law and ordinarily is adequately and fully determined therein.  1 Pom. Eq. Juris. 4th ed. § 177; *Rogers* v. *Rogers*, 17 R. I. 623; *Long* v. *Barker*, 85 Ill. 431.  No extraordinary circumstances exist in this case except that complainant is in possession of goods and wants their title determined.  There is no analogy between a bill to remove a cloud on title to real estate and

complainant's bill to establish his title in the present case. The former is a subject of exclusive equitable jurisdiction. 1 Pom. Eq. Juris. 4th ed. § 177, note b.; Cf. *Linnell* v. *Battey*, 17 R. I. 241. Title to real estate is not directly decided in a bill to remove a cloud. The title is only indirectly affected. In the case at bar none of the acts of respondents are claimed to be a violation of any primary equitable rights of complainant. Replevin was an adequate remedy to try complainant's title to these chattels when they were attached.

It is true that conditions brought about by complainant himself now prevent the use of replevin and complainant urges that equity will not suffer a wrong without a remedy and because he now has no remedy at law by which to try his title that equity should exercise jurisdiction. The scope of equitable action is well defined and it does not attempt to reach all cases where a right can not be vindicated at law, nor does it reach cases where a right has been lost by complainant's own act. *Rees* v. *City of Watertown*, 86 U. S. (19 Wall.) 107; *Groves* v. *Osburn*, 46 Ore. 173; 1 Pom. Eq. Juris. 4th ed. § 433. The facts above recited show that complainant's inability to establish his legal title arises from a situation in which he has involved himself by his chosen procedure in the wrong court. Replevin in the proper court would have determined everything which he now asks to have decided. If he made a mistake respondent was in no wise responsible therefor and equity can not be used to furnish a relief from one's own errors at law. When one who has a clear method of fully determining his rights at law voluntarily adopts improper procedure or pursues proper procedure negligently or mistakenly without any inducement from one having adversary interests it is no function of equity to relieve him from the result of his erroneously conducted law suit. What complainant is here attempting to do indirectly is to get relief against a judgment at law which the court was bound to enter. Equity does not ordinarily relieve against judgments at law. It

does so only when they have been improperly procured and its procedure is by direct not by collateral attack. No fraud was practiced upon complainant and the present bill is merely an attempt by indirection to render nugatory the legally entered judgment of the court at law in the replevin case. Whatever rights respondents acquired as a result of that judgment they are entitled to pursue. Since complainant has voluntarily placed himself where he is subject to execution and perhaps to suit on the replevin bond he must suffer whatever consequences follow. 21 C. J. (47) § 22, says: "The doctrine is well settled that when a party has a complete and adequate remedy at law, and fails from any cause to rely upon it in that forum, he will not be permitted to assert it in equity, unless he was prevented by fraud, accident, or mistake, or by such circumstances as he was unable to control." *Groves* v. *Osburn, supra; Walker* v. *Kretsinger,* 48 Ill. 502 (1868); *Klinesmith* v. *Van Bramer,* 104 Ill. App. 384 (1902); *Beveridge* v. *Hewitt,* 8 Ill. App. 467 (1881). The same textwriter says, further: "One can not entitle himself to invoke the aid of a court of equity by voluntarily casting away his remedy at law, otherwise adequate and complete." *Roberts* v. *Moody,* 107 Wis. 245. Complainant's selection of a court without jurisdiction is not a circumstance to warrant equitable interference any more than failure to properly plead or try his case would have been. *Campbell* v. *Briggs,* 25 S. C. Eq. 370; 21 C. J. p. 47 § 23.

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*William A. Gunning,* for complainant.

*Pettine, Godfrey & Cambio* for respondents.