Richard CARVALHO

v.

Mario COLETTA, d/b/a East Side Arco.

No. 80–159–M.P.

Supreme Court of Rhode Island.

March 17, 1983.

Michael Kiselica, Cranston, for plaintiff.

Martiesian & Cardozo, Terrance S. Martiesian, Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a judgment entered in Superior Court granting the defendant's motion to dismiss the plaintiff's complaint for lack of subject-matter jurisdiction.

On May 3, 1979, plaintiff, Richard Carvalho, parked illegally at Middle and Union Streets in Providence. On that date, the Providence police department contacted defendant, Mario Coletta, who holds a certificate of public convenience and necessity and requested that he remove plaintiff's car. The defendant towed the car to its premises and held it until plaintiff appeared. The defendant by his agent required plaintiff to pay costs of towing and storage before relinquishing possession. The plaintiff paid the costs and recovered his car.

On May 11, 1979, plaintiff filed a complaint in four counts against Mario Coletta doing business as East Side Arco. The plaintiff alleged in count I that defendant converted plaintiff's motor vehicle and extorted the amount of $34 in exchange for his automobile. Count II amplified count I and further alleged that defendant towed plaintiff's car at the request of the Providence police department. In both counts I and II plaintiff demanded compensatory and punitive damages in the amount of $5,001.

In count III, plaintiff alleged that defendant's conduct constituted state action which deprived plaintiff of his property without due process of law and in violation of his civil rights guaranteed by 42 U.S.C.A. § 1983 (1981). The plaintiff requested $25 compensatory damages, $5,001 punitive damages, attorney's fees, interest and costs.

In count IV, plaintiff brought a class action on behalf of the owners of vehicles similarly towed alleging conversion of their cars and violations of their constitutional and civil rights. As the class representative, plaintiff requested compensatory and punitive damages as well as counsel fees. Additionally, plaintiff sought an injunction against defendant to prevent him from towing motor vehicles from either private property or public highways upon a police officer's request unless expressly authorized by a state statute, the owner, or a person entitled to possession.

The defendant answered by filing a motion to dismiss under Rule 12(b) of the Superior Court Rules of Civil Procedure on several grounds. One of the grounds alleged lack of subject-matter jurisdiction. The trial justice granted defendant's motion solely on the jurisdictional issue and held that plaintiff could not include punitive damages in determining the jurisdictional amount in controversy and therefore did not meet the minimum amount required by G.L.1956 (1969 Reenactment) § 8–2–14. The judgment also stated that since plaintiff was unable to bring his personal claim before the court he was "in no position to represent others in a class action pursuant to Superior Court Rules of Civil Procedure 23."

We disagree.

Initially, we will consider whether or not it was error to dismiss counts I to III for failing to meet the $5,000 requisite jur-

isdictional amount of § 8–2–14.[1] Generally a court must determine jurisdiction by the amount specified in the complaint and not by the actual value of the matter in controversy. *Berberian v. New England Telephone & Telegraph Co.,* 117 R.I. 629, 633–34, 369 A.2d 1109, 1112 (1977). Punitive damages claimed in good faith will be included in determining the amount in controversy where they are permitted by state law. *Id.* at 634, 369 A.2d at 1112. Thus damages requested will not satisfy the jurisdictional amount where "it appears with legal certainty that plaintiffs cannot recover the amount demanded." *Id.*

It is well settled in Rhode Island that punitive damages are allowed in tort actions only when the defendant acted maliciously or in bad faith. *Id.* (citing *Herreshoff v. Tripp,* 15 R.I. 92, 94, 23 A. 104, 105 (1885)); *Adams v. Lorraine Mfg. Co.,* 29 R.I. 333, 338, 71 A. 180, 182 (1908) (quoting *Hagan v. Providence & Worcester R.R.,* 3 R.I. 88, 91 (1854)); *see* Prosser, *Torts* § 2 at 9–10 (4th ed. 1971). Where, as here, a plaintiff fails to even suggest in his complaint that the defendant acted maliciously a claim for punitive damages is improper as a matter of law. *Berberian,* 117 R.I. at 634–35, 369 A.2d at 1112–13. In the instant case plaintiff made no allegations that defendant acted maliciously. The defendant merely responded to the Providence police department's request to tow an illegally parked car. Thus, the first three counts were properly dismissed because without a viable claim for punitive damages plaintiff fell far short of the requisite $5,000 jurisdictional amount.

We next turn to count IV of plaintiff's complaint to determine whether or not plaintiffs in the class action may aggregate their claims to meet the jurisdictional amount.

The United States Supreme Court in *Pinel v. Pinel,* 240 U.S. 594, 596, 36 S.Ct. 416, 417, 60 L.Ed. 817, 818 (1916), enunciated the standard to be used when determining whether or not class members may aggregate their claims to meet a requisite jurisdictional amount. The Court stated that when two or more plaintiffs having separate and distinct claims unite in a single suit, each demand must meet the jurisdictional amount. When several plaintiffs unite to enforce a single right in which they have a common and undivided interest they may collectively meet the jurisdictional amount. *Id.* In *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the Court reaffirmed the standard posited in *Pinel* and held that where plaintiffs having separate and distinct claims, join in a single suit, the demand of each must meet the jurisdictional amount. It rejected, however, the suggestion that a single representative with a claim equal to the jurisdictional amount be allowed to establish jurisdiction for the entire class. *See* 7 Wright & Miller, *Federal Practice and Procedure: Civil* § 1756 (1972); *cf. Lesch v. Chicago & Eastern Illinois R.R. Co.,* 279 F.Supp. 908, 911–12 (N.D.Ill.1968) (if one of representative parties has claim in excess of jurisdictional minimum, then federal diversity jurisdiction attaches).

In the case at bar the facts indicate that each member of the class would have a distinct claim against defendant for towing their cars making aggregation inappropriate. Furthermore, plaintiff as class representative does not meet the requisite jurisdictional amount and therefore cannot attempt to bring the entire class within the Superior Court's jurisdiction.

Finally, we must determine whether or not plaintiff's request for injunctive relief

---

1. G.L.1956 (1969 Reenactment) § 8–2–14 provides in pertinent part that the Superior Court will have exclusive original jurisdiction of actions at law in which the amount in controversy exceeds $5,000.

   Section 8–2–14 was amended after this case was heard by P.L.1981, ch. 215, § 1, which now provides in pertinent part that the Superior Court has exclusive jurisdiction over actions at law in which the amount in controversy exceeds $10,000 and concurrent jurisdiction over actions in which the amount in controversy is greater than $5,000 but less than $10,000.

to redress violations of the class's constitutional and civil rights brings the action within the exclusive equity jurisdiction of the Superior Court under G.L. 1956 (1969 Reenactment) § 8–2–13.[2]

■ Generally, the mere request for an injunction does not automatically invoke equity jurisdiction. Equitable jurisdiction can be divided into three categories: 1) those cases in which equity has exclusive jurisdiction, 2) those cases in which the right is recognized by law but the remedy is inadequate thereby necessitating concurrent jurisdiction, and 3) those cases not now requiring consideration classified as auxiliary jurisdiction. *McKittrick v. Bates,* 47 R.I. 240, 242, 132 A. 610, 611–12 (1926). Thus, where personal property is taken or withheld which creates a cause of action for its value, the injured party will be confined to an action at law unless the legal remedy is inadequate. *Id.* at 242, 132 A. at 612. The plaintiff's action for conversion, therefore, is an inappropriate matter for equity jurisdiction. The plaintiff is in possession of his car and money damages would seem a complete redress of any injury suffered.

■ Protection of property and civil rights, however, is an important function of equity courts. A civil rights action will lie for a claimed deprivation of personal property without due process of law. *Ferranti v. Moran,* 618 F.2d 888, 891 (1st Cir.1980); *see Lynch v. Household Finance Corp.,* 405 U.S. 538, 544, 92 S.Ct. 1113, 1118, 31 L.Ed.2d 429–30 (1972). Jurisdiction in such circumstances does not depend on the merits but on the allegations in the complaint. *Wheeldin v. Wheeler,* 373 U.S. 647, 649, 83 S.Ct. 1441, 1444, 10 L.Ed.2d 605, 610 (1963). In the instant case, plaintiff alleged on behalf of the class violations of their constitutional and civil rights as guaranteed by 42 U.S.C.A. § 1983 (1981). Such civil rights actions may be heard by either state or federal courts. *Long v. District of Columbia,* 469 F.2d 927, 937 (D.C.Cir.1972); *see Houston v. Moore,* 18 U.S. (5 Wheat.) 1, 25–27, 5 L.Ed. 19 (1820). Furthermore, in proceedings under § 1983, a trial court possesses broad powers to grant or deny requested equitable relief. *Knowles v. Board of Public Instruction of Leon County,* 405 F.2d 1206, 1207 (6th Cir.1969).

■ Thus, in the case at bar where the plaintiff's complaint states a claim for deprivation of personal property without due process of law and requests equitable relief in connection with that claim, the entire complaint will come within the exclusive jurisdiction of the Superior Court under § 8–2–13.

The plaintiff's appeal is sustained, and the judgment appealed from is reversed. The case is remanded to the Superior Court for further proceedings.

2. General Laws 1956 (1969 Reenactment) § 8–2–13 provides:
      "The superior court shall, except as otherwise provided by law, have exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity. If an action is brought in the superior court which represents an attempt in good faith to invoke the jurisdiction conferred by this section, the superior court shall have jurisdiction of all other actions arising out of the same transaction or occurrence, provided such other actions are joined with the action so brought or are subsequently made a part thereof under applicable procedural rules, and the court may retain jurisdiction over such other actions even though the initial action fails for want of equity jurisdiction."