DECISION
Before the Court is the motion of plaintiff John M. Park (Park) for class certification pursuant to Super. R. Civ. P. 23 and the objection thereto of defendant Ford Motor Company (Ford).
 FACTS AND TRAVEL
On January 26, 2001, plaintiff Park purchased a new 2001 Ford Ranger 2.5L pick-up truck from Rizzo Ford (Rizzo) in North Providence, Rhode Island. The Monroney window sticker on the automobile — the federally-mandated window sticker that lists the manufacturer's suggested resale price, the model of and equipment on the vehicle, and its fuel economy ratings — listed the Securilock anti-theft system as a standard feature on the truck. Park claims that his decision to purchase the 2001 Ranger was based, in part, on the inclusion of the anti-theft system as a standard feature.
The Securilock system has been available on Ford vehicles since 1997. The system is a device whereby a computer chip is embedded in an ignition key and programmed with one of 72 billion different codes. The coded chip is then recognized by an electronic control module inside the engine before the vehicle will operate. Since 1997, the Securilock system has come standard on most Ford vehicles or is available as an option for about $100 on other vehicles.
One day after his purchase of the Ranger, Park noticed that no dashboard light came on when he attempted to activate the system. He correctly concluded that his vehicle did not come equipped with the Securilock system advertised as a standard feature of the truck. Park complained to Rizzo about the absence of the system and was told that the window sticker on the Ranger he purchased incorrectly listed the Securilock system as standard equipment. Rizzo further informed Park that it would be unable to retrofit the Ranger with the Securilock system.
Ford alleges that it intended to offer the Securilock system as standard equipment on the new 2.3L Ranger, the model that would replace the 2.5L version that Park purchased. However, there was a delay in the introduction of the 2.3L model and the 2.5L was carried over from model year 2000 as a result. Ford claims that it never offered the Securilock system as either standard or optional equipment on the 2.5L model because it is incompatible with the 2.5L Ranger's engine wiring and electronics.
Ford acknowledges that due to an alleged inadvertent error on its part, the window sticker initially printed for the 2001 model year 2.5L Ranger listed the Securilock system as standard equipment. Ford claims that it became aware of this error on October 23, 2000 and in response directed that the Securilock system not appear in any future dealer invoices and window stickers for 2.5L Rangers. Ford alleges that it took all the necessary steps to eliminate any defects in stickers and invoices produced in the future and to send corrected materials to Ford dealerships already using incorrect stickers and invoices. Ford argues that once it shipped the corrected stickers and invoices to the dealerships, it became the dealer's responsibility, in this case Rizzo, to affix the corrected stickers to the 2.5L Rangers.
Park complained a second time and was told by Rizzo that he should have received from Ford a letter of apology offering a free oil change and filter change to allegedly make up for the absence of the security system. Park did not receive this letter because, according to Ford, Ford only sent the letter to those customers who had purchased their Rangers prior to the distribution of the corrected window stickers to Ford dealers. Park bought his Ranger after the distribution of the corrected window stickers and thus did not receive the courtesy letter from Ford. Park obtained a copy of the form letter from Ford explaining that the printed materials, including the window sticker and the Ranger Owner's Manual, were incorrect only after he contacted the Rhode Island Department of Motor Vehicles (DMV) which had a copy of the letter.
Rizzo offered to provide Park with a $200 security system. The Securilock system is allegedly worth between $100 and $200 according to the parties. Park rejected this offer along with Ford's offer of a filter change and an oil change.
Park brings this action asserting that the omission of the Securilock system on Ford vehicles that were represented as having it violates the express and implied warranties created by the Monroney window sticker mandated by the Magnuson Moss Consumer Products Warranty Act,15 U.S.C. § 2310. With respect to these express and implied warranty claims, Park seeks to represent a proposed class of plaintiffs consisting of all persons in the United States who purchased a vehicle from Ford on or after a date four years prior to the filing of this action with a window sticker that listed the Securilock system as standard equipment when the vehicle did not in fact include the system at all.
Secondly, Park contends that Ford's failure to provide a Ranger with the promised Securilock system and subsequent refusal to install the system constitute a breach of implied warranty in violation of § 2-314(2)(f) of the Uniform Commercial Code (UCC). This section of the UCC states that there is an implied warranty that goods "conform to the promise or affirmations of fact made on the container or label if any." R.I.G.L. § 6A-2-314(2)(f). With respect to this claim, Park seeks to represent a class consisting of all persons in the United States, except persons residing in Arizona or Idaho, who purchased new vehicles manufactured by Ford which left the manufacturing plant with Monroney stickers which stated that the vehicle was equipped with a Securilock system, whose vehicle's Monroney sticker was not replaced with a sticker which did not state that the vehicle was equipped with the system, and which purchase occurred on or after a date four years prior to the filing of this action.
Next, Park argues that under § 2-313 of the UCC, the description of a vehicle on the Monroney sticker creates an express warranty that the vehicle conforms to that description. The warranty is the basis of the bargain with respect to the purchase of the vehicle to which the sticker relates. In regard to this claim, Park seeks to represent a class of all persons in the United States, except persons residing in Arizona or Idaho, who purchased a vehicle manufactured by Ford which left the manufacturing plant with a Monroney sticker indicating the Securilock system as a standard feature on the vehicle when the system was not in fact installed on the vehicle, and which purchase occurred on or after a date four years prior to the filing of this action.
Finally, Park claims that Ford's alleged behavior with respect to any Rhode Island plaintiffs in this case constitutes consumer fraud pursuant to R.I.G.L. § 6-13.1-2, the Deceptive Trade Practices Act (DTPA) and with respect to the proposed class of non-Rhode Island purchasers, Ford's behavior is in violation of the Michigan Consumer Protection Act, Mich. Comp. Laws Ann. §§ 445.901 et seq.
With regard to the Michigan Consumer fraud claim, Park seeks to represent all persons in the United States who purchased a new vehicle manufactured by Ford which left the manufacturing plant with a Monroney sticker indicating the presence of the Securilock system in the vehicle when it did not in fact have the system, which purchase occurred on or after a date six years prior to the filing of this action, and which vehicle was purchased for consumer use according to the records of the dealer. With respect to the Rhode Island DTPA claim, Park seeks to represent a proposed class of people who purchased, for consumer use, a Ford vehicle in Rhode Island on or after a date six years prior to the filing of this action with a window sticker listing the Securilock system as standard equipment when in fact the vehicle did not include the system.
 DISCUSSION
In Rhode Island, class actions are governed by Rule 23 of the Superior Court Rules of Civil Procedure. In order to achieve certification as a class, a group of plaintiffs must satisfy the requirements set forth in subsections (a) and (b) of Rule 23.
The Rhode Island Superior Court has jurisdiction over civil claims of $5000 and above. See R.I.G.L. § 8-2-14. In Carvalho v. Coletta,457 A.2d 614, 616 (R.I. 1983), the Rhode Island Supreme Court adopted the United States Supreme Court's standard regarding the aggregation of individual claims in a class action. Class members may aggregate their individual claims in a class action in order to satisfy a court's prerequisite jurisdictional amount only when those claims represent a single shared right in which all the class members have a common and undivided interest. See Carvalho v. Coletta, 457 A.2d 614, 616 (R.I. 1983). The claims cannot be divisible. See id. Claims are divisible when each individual class member has a separate and distinct claim in a single suit. See Freitas v. First N.H. Mrtg. Corp., C.A. 98-211ML, 1998 U.S. Dist. LEXIS 15698, at *10 (D.R.I. July 23, 1998). If they are divisible then they cannot be aggregated to satisfy the prerequisite jurisdictional amount. See id. When the claims are divisible, each individual claim must satisfy that court's requisite jurisdictional amount in order for that court to maintain subject-matter jurisdiction over the entire class. Id.
In this case, each individual claim of the proposed class members is divisible because each vehicle purchase represents separate rights reserved for each customer. The customers do not share one common right against Ford. Certainly, if one customer did not collect from Ford, the shares of the remaining plaintiffs would not increase. Thus, in order for this Court to maintain subject-matter jurisdiction over the proposed class action, each individual member of the class must have a claim for at least $5000 against Ford. There is no evidence to show that this requirement is satisfied here. In fact, plaintiff concedes that the measure of actual damages in this case is the value of the missing Securilock feature, which both parties allege is no more than $200.
The Rhode Island Superior Court has sole jurisdiction over issues of equity, such as the granting of an injunction. See R.I.G.L. § 8-2-13. Thus, this Court will address the merits of plaintiff's claim for injunctive relief in order to determine whether subject-matter jurisdiction over the proposed class in this case is proper.
Under Rule 23(b)(2), class certification is appropriate, in light of the minimum $5000 civil claim minimum when "the party opposing the class has acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory judgment with respect to the class as a whole." Super. R. Civ. P. 23(b)(2). The rule does not require, however, that every member of the proposed class actually "be aggrieved by or desire to challenge the defendant's conduct . . . ." Jones v. Diamond, 519 F.2d 1090, 1100 (5th Cir. 1975). Rather, Rule 23(b)(2) requires that each member of the proposed class would have standing to challenge the defendant's conduct if he/she so chose to because the conduct at issue is common to all class members. Id. at 1100. Further, "where the litigation seeks to define the relationship between the defendant and the world at large" and the relief sought by the named plaintiff will benefit the entire class, certification is appropriate under Rule 23(b)(2). Baby Neal v. Casey, 43 F.3d at 58.
In this case, plaintiff's claims arise from Ford's failure to deliver a vehicle with standard equipment including the Securilock system as previously-promised by the car's window sticker. This resulted in the proposed plaintiffs receiving a vehicle with a decreased value from the purchase price they each paid for their Ranger pick-up trucks. Plaintiff seeks an order requiring Ford to reimburse the proposed class members for the breach of the implied and express warranties or for the difference in value between a 2001 Ranger 2.5L with a Securilock system and the value of the vehicle each plaintiff actually received. With respect to the consumer fraud counts only, plaintiff further seeks an injunction preventing Ford from selling any Ranger in the future with a defective window sticker. Thus, plaintiff calls upon this Court to do equity and enjoin Ford from continuing to defraud any future customers and to award plaintiffs for the discrepancy between the value of a Ranger with the Securilock system and one without the system in order for them to receive, as near as possible, the actual benefit of their bargain with Ford.
This Court finds no basis for plaintiff's claim for injunctive relief. First, with regard to Park's claim for the difference in value between a Ranger with the Securilock system and one without the system, this Court finds that there is an adequate remedy at law to compensate the proposed class members for their damage in this case. Namely, plaintiffs may recover the dollar amount for the difference in value between a Ranger with the Securilock system and one without the system. This will amount to an economic recovery of up to $200 for each proposed class member. This recovery is an adequate remedy at law rendering injunctive relief unnecessary in this case.
Second, with respect to plaintiff's claim for an injunction preventing Ford from selling any vehicle in the future with a defective window sticker, plaintiff seeks this remedy only with respect to the consumer fraud claims and not with respect to any of the warranty claims. With regard to the warranty counts, this Court cannot maintain subject-matter jurisdiction over the claims because plaintiff fails to meet the $5000 jurisdictional amount.
With regard to the consumer fraud claims, plaintiff does not allege that Ford continued to sell cars with defective window stickers after the initial problem was discovered in this case. Without any allegation of continuing impropriety on Ford's part, this Court finds no merit in plaintiff's prayer for an injunction preventing Ford from continuing to sell vehicles with defective window stickers. Thus, Park fails to satisfy the requirements of Rule 23(b)(2).
After careful review of the arguments submitted by the parties in this case, this Court finds that it does not have subject-matter jurisdiction over this action pursuant to R.I.G.L. § 8-2-13 and accordingly, must dismiss plaintiff's claims. Counsel shall present an appropriate order.